IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKARD DENNIS ANDERSON,

    Plaintiff,                       No. CIV S-08-2373 DAD P

    vs.

ROBERT AYERS, et al.,          ORDER AND

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights complaint seeking relief under 42 U.S.C. § 1983. Plaintiff has not paid the required filing fee. This proceeding was referred to the undersigned magistrate judge by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        The federal in forma pauperis statute includes a limitation on the number of actions in which a prisoner can proceed in forma pauperis.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [§ 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

/////

1

28 U.S.C. § 1915(g).  "[T]he plain language of § 1915(g) requires that the court look at cases dismissed prior to the enactment of the [Prison Litigation Reform Act] to determine when a prisoner has used his three strikes."  Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).

For purposes of § 1915(g), the court must determine whether plaintiff has, on three or more occasions prior to the filing of this new action, brought a civil action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted.  Where a court denies a prisoner's application to file an action without prepayment of fees on the grounds that the submitted complaint is frivolous, malicious or fails to state a claim upon which relief may be granted, the complaint has been "dismissed" for purposes of § 1915(g).  O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

**DISCUSSION**

Plaintiff has filed more than one hundred frivolous civil rights complaints, primarily in the United States District Court for the Northern District of California.  In dismissing plaintiff's complaints, that court has repeatedly stated:

> Plaintiff has filed well over one hundred complaints in this Court since 2003, all of which have been unintelligible.  The Court finds that Plaintiff's complaints are numerous and frivolous.  It is difficult to ascertain from Plaintiff's complaints who he is seeking relief from or what relief he is seeking.  These filings serve no reasonable litigation purpose and they impose an unreasonable burden the Court and its staff.  Furthermore, based on Plaintiff's past history of failing to respond to this Court's orders to amend unintelligible complaints, the Court finds that granting Plaintiff leave to amend would be futile.

See, e.g., In re Rickard D. Anderson, No. C 08-05596 SBA (PR) (Order Filed Jan. 27, 2009); In re Rickard D. Anderson, No. C 08-05251 SBA (PR) (Order Filed Dec. 11, 2008); In re Rickard D. Anderson, No. C 08-05248 SBA (PR) (Order Filed Dec. 8, 2008); Anderson v. CDC, No. C 06-7474 SBA (pr) (Order Filed Jan. 10, 2007); Anderson v. S.F. County Jail, No. C 06-7356 SBA (pr) (Order Filed Dec. 14, 2006); Anderson v. Lockyer, No. C 06-3964 SBA (pr) (Order Filed July 5, 2006); Anderson v. Wong, No. C 05-2541 SBA (pr) (Order Filed June 27, 2005).

Plaintiff commenced this action on October 7, 2008, by filing a civil rights complaint in which he named twenty defendants. He has also filed multiple applications to proceed in forma pauperis and other documents with this court containing incoherent allegations. As noted above, court records reflect that plaintiff filed this action after having brought more than three federal cases that were dismissed on the grounds specified in 28 U.S.C. § 1915(g). Accordingly, the undersigned will recommend that plaintiff's applications to proceed in forma pauperis be denied and that this action be dismissed without prejudice to the filing of a fee-paid action.[1]

**CONCLUSION**

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action;

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's applications to proceed in forma pauperis (Doc. Nos. 8, 11 & 14) be denied; and

2. This action be dismissed without prejudice to the filing of a new action accompanied by full payment of the required filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Any document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

---

[1] There is an exception to the three-strike bar of § 1915(g) which allows a prisoner to use in forma pauperis status to bring a civil action despite three prior dismissals where the prisoner is under imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047 (9th Cir. 2007). Here, the incoherent allegations of plaintiff's complaint do not suggest that he is under imminent danger of serious physical injury. Accordingly, the imminent danger exception is not applicable in this case.

1  objections within the specified time may waive the right to appeal the District Court's order. See

2  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: September 4, 2009.

```
                            /s/ Dale A. Drozd
                            _____
                            DALE A. DROZD
                            UNITED STATES MAGISTRATE JUDGE
```

7  DAD:9
   ande2373.fee